Lois GULLAGE

v.

BOWERMAN & TAYLOR
GUERTIN P.C.

No. 2006–120–Appeal.

Supreme Court of Rhode Island.

Jan. 8, 2007.

Lois Gullage, pro se.

Seth Bowerman, Providence, for Defendant.

## ORDER

The plaintiff, Lois Gullage (plaintiff or Gullage), appeals *pro se* from the entry of summary judgment in favor of the defendant law firm, Bowerman & Taylor Guertin P.C. (B&TG or defendant).

B&TG represented Rhode Island Hospital in a medical malpractice suit filed by Gullage against Rhode Island Hospital for alleged mistreatment she received in 2001. On October 26, 2004, a motion justice of the Superior Court granted summary judgment in favor of the defendant, Rhode Island Hospital, because the plaintiff, Gullage, had not secured an expert witness, a necessary component to a medical malpractice action. Gullage did not appeal that judgment.

But, on that same day, plaintiff filed an action against B&TG and alleged that she had produced certain x-rays to defendant in the course of her case against Rhode Island Hospital and that B&TG refused to return those x-rays to her. The plaintiff complained that without those x-rays she was unable to retain an expert witness. This, she said, led to the dismissal of her original suit against Rhode Island Hospital. On December 14, 2004, defendant moved to dismiss plaintiff's complaint on several grounds, including Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. The defendant said that the x-rays in question had been returned to the Massachusetts General Hospital Department

of Radiology (MGH), the institution from which they originated, and that they were therefore available to plaintiff well before the dismissal of her previous action against Rhode Island Hospital. The plaintiff countered with a document from MGH dated November 18, 2004 which said:

"Please note that MGH Image Service Center did not release films to the Law Offices of Bowerman & Taylor Guertin, P.C. due to lack of payment. We have not received the appropriate fee for services totaling $240.00 as of November 18, 2004. *The films in question are not located in the folder as of November 18, 2004, as well.*" (Emphasis added.)

At the hearing, the motion justice neither granted nor denied the motion to dismiss. Apparently concerned by the contradiction between the last sentence of the MGH letter and defendant's contention that it had returned Gullage's x-rays to MGH, the motion justice requested that defendant conduct further investigation into the situation, and, if appropriate, follow up with a subsequent motion for summary judgment. The defendant complied and, on October 18, 2005, it filed a motion for summary judgment.

In that motion, defendant explained (1) that it received the x-rays in question from Gullage herself through a request for production while it was representing Rhode Island Hospital in the medical malpractice case brought by Gullage; (2) that the packet containing the x-rays also contained a letter indicating that the x-rays were the property of MGH and that they were to be returned to MGH; and (3) that when plaintiff requested on September 4, 2004, that it return the x-rays to her, defendant copied the x-rays, but returned the originals to MGH. To support its motion, defendant produced a letter, dated October 8,

2004,[1] that it sent to MGH, indicating that Gullage's x-rays were sent back to MGH on that date. The letter says:

"Enclosed for return to your file are the 11/29/01 radiograph films of Lois Gullage * * *. We apologize for the delay in their return and hope this did not cause any inconvenience. * * *."

It also produced what appeared to be a canceled check in the amount of $240.00 dated June 6, 2004, and made payable to MGH that seemed to rebut the November 18, 2004 letter from MGH claiming that an outstanding debt was owed by defendant. Thus, the defendant argued, the plaintiff had access to her x-rays at all times, and therefore her case against Rhode Island Hospital was not prejudiced by any conduct of the defendant. A motion justice of the Superior Court agreed and granted summary judgment for the defendant. The plaintiff timely appealed.

We have considered the oral arguments of the parties, reviewed the written memoranda submitted by them and the voluminous documents contained in the record and we agree with the Superior Court that the plaintiff's allegations are without merit. Irrespective of the timing of the defendant's possession of the x-rays in question, the failure to either return them to the plaintiff or to inform her that it had returned them to MGH does not provide the plaintiff with a recognizable cause of action. We affirm the judgment of the Superior Court and return the record in this case thereto.

---

1. The plaintiff asserts that she never was made aware of the October 8 letter to MGH and that at all times she assumed that defendant was in possession of her x-rays.